IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LaRICO WILLIAMS | § | |
| | § | |
| v. | § | CASE NO. 4:23-CV-00490-ALM-KPJ |
| | § | |
| OFFICER SCOTT | § | |

**OFFICER JOLENE SCOTT'S MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND MOOTNESS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **OFFICER JOLENE SCOTT**, Defendant, pursuant to FED. R. CIV. P. 56(b), LOCAL RULE 56, and SCHEDULING ORDER of April 11, 2025 (Doc. 39), and files her MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND MOOTNESS, as follows:

**I.
INTRODUCTION AND GROUNDS NECESSITATING SUMMARY JUDGMENT[1]**

The pro se prisoner Plaintiff, <u>formerly</u> housed[2] in the Collin County Detention Facility, originally sued generic "Officer Scott (Kitchen Supervisor)" tersely alleging "She denied me my trays for Ramadan (3) times. (3/23)."[3]  However, it was unclear who Plaintiff intended to sue as "Officer Scott" because during the time frame in question there were three employees working in the Collin County jail named "Officer Scott" - Jason Scott, the Kitchen Supervisor, Roxanna Scott,

---

[1] Officer Scott, as authorized by this Court's SCHEDULING ORDER (Doc. 39), reserves her right to later seek summary judgment for other reasons such as lack of personal involvement, absence of any constitutional deprivation by her, and her entitlement to qualified immunity.

[2] Plaintiff was booked into the Collin County Detention Facility on December 20, 2022, and transferred to LaSalle on April 21, 2025, for his imminent transfer to the Texas Department of Criminal Justice.  Thus, as of April 21, 2025, Plaintiff is no longer housed in the Collin County Detention Facility.

[3] See, Plaintiff's PRISONER'S CIVIL RIGHTS COMPLAINT (hereinafter "COMPLAINT")[Dkt. 17], paragraph IV(B), p. 4.

a Food Tech, and Jolene Scott, a Detention Officer. Plaintiff was ordered to file an Amended Complaint identifying which Officer Scott he was suing and why.[4] Plaintiff did so, identifying only one Defendant, Detention Officer Jolene Scott.[5]

The REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (Doc. 36) (hereinafter "REPORT") provides in the "Background" a summary of Plaintiff's current allegations, as follows:

> Plaintiff's operative complaint alleges that, while confined at the Collin County Detention Facility, Defendant, a "[k]itchen [t]ech," denied Plaintiff "Ramadan trays" on at least three occasions. Dkt. #28 at 3, 4. Plaintiff further alleges that Defendant has "been feeding all the Muslims cold cuts while everyone else gets hot meals." *Id.* at 4. Additionally, Plaintiff alleges that "there were numerous photos and documentation taken of bugs in our food (gnats) and also [inconsistencies] of the meals [throughout] Ramadan." *Id.* For relief, Plaintiff requests injunctive and declaratory relief and any additional relief that the court "deems just, proper, and equitable." *Id.*

See, REPORT (Doc. 36), p. 1-2. Continuing, in the "Analysis" section, the REPORT relays that: "Liberally construed, Plaintiff's operative complaint alleges violations of RLUIPA, the Free Exercise Clause of the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Plaintiff does not indicate whether he sues Defendant in her official capacity, her individual capacity, or both." See, REPORT (Doc. 36), p. 4. The REPORT then grants in part and denies in part Officer Scott's MOTION TO DISMISS. See, REPORT (Doc. 36), p. 5-15. Emerging from the "Recommendation" and pertinent to the instant MOTION is that:

"(a)   Plaintiff's RLUIPA claim against Defendant in her official capacity for declaratory and prospective injunctive relief should be allowed to proceed at this stage;

---

[4] See, ORDER [Dkt. 27]

[5] See, Plaintiff's PRISONER'S CIVIL RIGHTS COMPLAINT (hereinafter "AMENDED COMPLAINT")[Dkt. 28]

(b) Plaintiff's First Amendment free-exercise claim against Defendant in her official capacity for declaratory and prospective injunctive relief, as well as against Defendant in her individual capacity for damages, should be allowed to proceed at this stage; and

(c) qualified immunity is not available at this stage as to Plaintiff's First Amendment individual-capacity claim against Defendant.

See, REPORT (Doc. 36), p. 15. The subsequent SCHEDULING ORDER (Doc. 39) entered April 11, 2025, provides that "Any motion for summary judgment raising the defense of failure to exhaust administrative remedies is due 60 days after the entry of this order."

Officer Scott now seeks summary judgment due to Plaintiff's failure to exhaust his administrative remedies and mootness. What is clear - and fatal to Plaintiff's claims - - is that he failed to exhaust his administrative remedies regarding the alleged denial of his Ramadan meals.[6] Equally clear is that Plaintiff is no longer housed in the Collin County Detention Facility, and thus, his claims under RLUIPA and/or the First Amendment for declaratory and prospective injunctive relief are moot. Dismissal of this lawsuit should follow as detailed more fully below.

## II.
## SUMMARY JUDGMENT EVIDENCE

In addition to the pleadings and other documents on file with this Court, Defendant relies upon the following evidence:

1. Judicial Admissions contained in Plaintiff's PRISONER'S CIVIL RIGHTS COMPLAINT (hereinafter "AMENDED COMPLAINT")[Dkt. 28]; and

2. Affidavit of Lt. David Barnett, EXHIBIT 1, Bates No. 1-35.

---

[6] Officer Scott, as authorized by this Court's SCHEDULING ORDER, reserves her right to seek summary judgment for other reasons such as lack of personal involvement, absence of any constitutional deprivation by her, and her entitlement to qualified immunity.

## III.
## LEGAL GROUNDS FOR SUMMARY JUDGMENT AND THE ISSUES TO BE DECIDED BY THE COURT

Pursuant to LOCAL RULE 56(a), the specific issues to be decided by the Court concerning Defendant Scott's entitlement to summary judgment are:

(1)  Whether the Plaintiff exhausted his administrative remedies; and

(2)  Whether Plaintiff's claims under RLUIPA and/or First Amendment for declaratory and prospective injunctive relief against Officer Scott in her Official Capacity are moot because Plaintiff is no longer housed in the Collin County Detention Facility

## IV.
## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to LOCAL RULE 56(a), Defendant Scott identifies the following undisputed material facts necessitating the entry of summary judgment in her favor:

1.  Pro se prisoner Plaintiff LaRico Frenshun Williams was booked into the Collin County Detention Facility on December 20, 2022, and transferred out of the Facility to contracted LaSalle Facility on April 21, 2025, for his imminent transfer to the Texas Department of Criminal Justice. (Barnett Affidavit, Ex. 1, p. 2);

2.  As of April 21, 2025, Plaintiff is no longer housed in the Collin County Detention Facility. (Barnett Affidavit, Ex. 1, p. 2);

3.  In the instant lawsuit, Plaintiff has sued "Officer Scott (Kitchen Supervisor)" claiming "She denied me my trays for Ramadan (3) times. (3/23)" (Plaintiff's PRISONER'S CIVIL RIGHTS COMPLAINT (hereinafter "AMENDED COMPLAINT")[Dkt. 28], paragraph IV(B), p. 3);

4.  Plaintiff further avers that "I was denied my meals for the month of Ramadan 3 times by the Kitchen Tech at the time (Officer Jolene Scott). She has also been feeding all the Muslims cold cuts while everyone else gets hot meals on purpose. Also, there were numerous photos and documentation taken of bugs in our food (gnats) and also inconsistencies of the meals throughout Ramadan." (PLAINTIFF'S AMENDED COMPLAINT")[Dkt. 28], paragraph V, p. 4);

5.  David Barnett is employed with Collin County, Texas, as a Lieutenant in the Jail Operations - Services Division of the Collin County Sheriff's Office. (Barnett Affidavit, Ex. 1, p. 1);

6.  As a Jail Lieutenant, Lt. Barnett is familiar with and has access to the official records regarding persons who are booked into and detained in the Collin County Detention Center. (Barnett Affidavit, Ex. 1, p. 1);

7. Lt. Barnett is generally familiar, through his review of documentation and records, with Larico Frenshun Williams, who was formerly detained in the Collin County Detention Center until the transfer to a LaSalle Facility on April 21, 2025. (Barnett Affidavit, Ex. 1, p. 1);

8. As Lt. Barnett exhaustively details, Plaintiff failed to exhaust his administrative remedies regarding alleged denial of his [Plaintiff's] Ramadan meal trays.(Barnett Affidavit, Ex. 1, p. 3-6; 8-35);

9. The COLLIN COUNTY DETENTION BUREAU POLICY MANUAL contains a comprehensive policy and procedure for inmate grievances and religious accommodations. (Barnett Affidavit, Ex. 1, p. 3);

10. Also, during the time(s) of his incarceration, Plaintiff was subject to the rules and regulations of the Collin County Detention Center, which includes inmate grievances. (Barnett Affidavit, Ex. 1, p. 3; 8-10);

11. Inmates are provided with a copy of the INMATE HANDBOOK which details the rules and procedures regarding inmate grievances. (Barnett Affidavit, Ex. 1, p. 3; 8-10);

12. Pertinent portions of the INMATE HANDBOOK are attached as Exhibit 1 to Lt. Barnett's Affidavit. (Barnett Affidavit, Ex. 1, p. 8-10);

13. When an inmate enters the Collin County Detention Center, they are given a paper copy of the INMATE HANDBOOK. (Barnett Affidavit, Ex. 1, p. 3; 11);

14. The inmate then acknowledges the receipt of this handbook by signing an ACKNOWLEDGMENT OF RECEIPT. (Barnett Affidavit, Ex. 1, p. 3; 11);

15. In this document, the inmate acknowledges: "I have read the rules regarding the behavior expected of me. I understand these rules and agree to abide by them while I remain in this facility." (Barnett Affidavit, Ex. 1, p. 3; 11);

16. Plaintiff signed such an ACKNOWLEDGMENT OF RECEIPT on December 20, 2022, upon entering the Collin County Detention Center. (Barnett Affidavit, Ex. 1, p. 3; 11);

17. A copy of the ACKNOWLEDGMENT OF RECEIPT of the INMATE HANDBOOK signed by Plaintiff on December 20, 2022, is attached as Exhibit 2 to Lt. Barnett's Affidavit. (Barnett Affidavit, Ex. 1, p. 3; 11);

18. Regarding inmate grievances, the Collin County Jail INMATE HANDBOOK, under "Channels of Communications", provides as follows:

    There are specific people to contact regarding your various needs and problems. If you have a special problem or need information, the pod officer will assist in directing your request to the appropriate person.

DEFENDANT OFFICER JOLENE SCOTT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT
T:\233\1\1600\73760 Williams\Pleadings\Defendant\MSJ Admin Remedies\MSJ.wpd

Page 5

> If you believe you were subjected to unfair or unjust circumstances or actions, you may approach the pod station and complete a grievance / complaint via the kiosk in your pod, or you may request to speak directly with the housing lieutenant regarding the grievance / complaint, by submitting a request via the kiosk. You may also request a paper grievance form from any member of the detention staff. Grievances / complaints of an emergency nature should be presented directly to the pod officer.
>
> The following are grounds for initiation of a grievance:
> 1. Violation of civil rights
> 2. Criminal act
> 3. Unjust denial or restriction of inmate privileges
> 4. Prohibited act by facility staff
>
> In the grievance, you must state the right or privilege violated, any persons involved, witnesses (if any), date of the occurrence, and any pertinent details.
>
> If your grievance is determined to be a complaint, it will be answered by a detention supervisor. If it is determined to be a grievance, it will be reviewed by a grievance board.
>
> The grievance board will provide you a written interim response within fifteen (15) days of filing the grievance. Upon completion of the grievance board's review of the grievance, you will be provided a written final response within sixty (60) days of filing the grievance.
>
> If you are not satisfied with the grievance board's response, you may submit an appeal directly to the assistant chief deputy via the kiosk in your pod. The assistant chief deputy's response to your appeal is final. If your grievance is determined to be a complaint, it will be answered by a detention supervisor.
>
> (Barnett Affidavit, Ex. 1, p. 3-4; 9-10);

19. The following is a chronology of what transpired regarding Plaintiff's request for religious accommodation, i.e., his request for meals during Ramadan in 2023.

20. On February 8, 2023, Officer Arisha Sattar prepared and sent Lt. Barnett a Memorandum re "Ramadan 2023". (Barnett Affidavit, Ex. 1, p. 4);

21. Officer Sattar also prepared a Ramadan announcement with basic requirements. (Barnett Affidavit, Ex. 1, p. 4);

22. The Collin County Detention Center utilizes "INFAX" which is a display system to constantly provide information to inmates. (Barnett Affidavit, Ex. 1, p. 4; 12-13);

23. It is similar to the display screens commonly seen at airports with flight information. (Barnett Affidavit, Ex. 1, p. 4; 12-13);

24. INFAX rotates information to inmates and an INFAX display screen is located in the day room of each pod in the Collin County Detention Center. (Barnett Affidavit, Ex. 1, p. 4; 12-13);

25. An example of an INFAX display screen slideshow is attached as Exhibit No. 3 to Lt. Barnett's Affidavit. (Barnett Affidavit, Ex. 1, p. 4; 12-13);

26. Specifically included on the INFAX display was the information about Ramadan. (Barnett Affidavit, Ex. 1, p. 4; 12-13);

27. On March 23, 2023, Plaintiff submitted through the Kiosk a request stating that he "would like to be on the list for the month of Ramada [sic]". (Barnett Affidavit, Ex. 1, p. 4; 16);

28. Plaintiff was advised that the deadline to do so was on March 17, but he was still eventually placed on the list. (Barnett Affidavit, Ex. 1, p. 4; 14; 16-17; 19; 21-22);

29. A copy of the "Ramadan 2023 Special Meal Accommodations" list is attached as Exhibit No. 4 to Lt. Barnett's Affidavit. (Barnett Affidavit, Ex. 1, p. 4; 14-15);

30. Plaintiff was advised that he was placed on the list by the Inmate Programs Coordinator Olivia Penson via the Kiosk on March 28, 2023. (Barnett Affidavit, Ex. 1, p. 4; 17);

31. There were various communications to/from Plaintiff with various Jail personnel about his Ramadan meals and other matters. (Barnett Affidavit, Ex. 1, p. 4-5; 16-33);

32. A copy of pertinent Kiosk communications regarding Plaintiff are attached as Exhibit No. 5 to Lt. Barnett's Affidavit. (Barnett Affidavit, Ex. 1, p. 5; 16-33);

33. A complete copy of all Kiosk communications regarding Plaintiff has been provided to him as part of the discovery in this lawsuit. (See, DEFENDANT OFFICER JOLENE SCOTT'S NOTICE OF INITIAL DISCLOSURES, Doc. 41);

34. On April 1, 2023, Plaintiff submitted a request on the Kiosk wherein he stated:

    I was denied my two dinner trays for Ramadan once again by the kitchen supervisor after repeated times of officer Vasquez telling her I was on the list she tells him that "He's not on this list and I'm not sending him anything down there period". These actions of officer Scott is a direct violation of my 8th amendment rights which is considered "cruel and unusual punishment" and I will seek action because of these direct acts of cruelty.

    (Barnett Affidavit, Ex. 1, p. 5; 22);

35. Officer Sattar responded on April 3, 2023, writing:

> Mr. Williams, I am not sure why you are not recieving your Ramadan dinner trays. I just checked, and you are on our list for inmates who are to recieve Ramadan meals, which is the same list that the Kitchen Staff is using to send out the Ramadan meals. I will contact the kitchen to make them aware. Have a nice day - Ofc. Sattar.

(Barnett Affidavit, Ex. 1, p. 5; 22);

36. Presumably a few days later, instead of using the Kiosk system, Plaintiff "sent in the mail" a paper COLLIN COUNTY GRIEVANCE/COMPLAINT FORM dated April 3, 2023. (Barnett Affidavit, Ex. 1, p. 5; 28; 34-35);

37. A copy of such COLLIN COUNTY GRIEVANCE/COMPLAINT FORM is attached as Exhibit No. 6 to Lt Barnett's Affidavit. (Barnett Affidavit, Ex. 1, p. 5; 34-35);

38. In such FORM Plaintiff wrote:

> I was denied my dinner trays for Ramadan once again by the Kitchen supervisor after repeated times officer Vasquez telling I was on the list. She tells him "He's not on this list and I'm not sending him anything down there period." The actions are a direct violation of my 8th amendment rights which is considered "cruel and unusual punishment." Mr. Williams identified name of the person involved as "Officer Scott (Kitchen Sup.)" and the witness as "Officer Vasquez." The date and time this occurred was listed as "04/01/2023". Regarding "Any other pertinent details", Mr. Williams wrote "Just the constant discriminatory acts towards the "'Muslims'". By saying that before the cold trays that "'we were going to get them while everyone else got hot trays.'"

(Barnett Affidavit, Ex. 1, p. 5; 34-35);

39. Plaintiff's paper COLLIN COUNTY GRIEVANCE/COMPLAINT FORM dated April 3, 2023, was reviewed by two Supervisors - Lt. Barnett and Kitchen Supervisor Jason Scott. (Barnett Affidavit, Ex. 1, p. 5; 29; 31; 33);

40. Specifically, on April 11, 2023, Lt. Barnett responded to Plaintiff via the Kiosk, writing "Williams, in regard to your complaint dated 04-023-2023: Ramadan meals were sent to both individuals with the last name Williams who are on the list. I cannot find evidence of you being denied any meal." (Barnett Affidavit, Ex. 1, p. 5-6; 29);

41. Plaintiff took no further action regarding Lt. Barnett's response. (Barnett Affidavit, Ex. 1, p. 6; 29-33);

42. Kitchen Supervisor Jason Scott, on April 13, 2023, via the Kiosk, wrote to the Plaintiff about the alleged denial of Plaintiff's Ramadan meals, inquiring "Are you getting your Ramadan meals now ?" (Barnett Affidavit, Ex. 1, p. 6; 31);

43. Plaintiff did not cooperate with Kitchen Supervisor Scott's attempt to investigate the grievance and Plaintiff did not answer Kitchen Supervisor Scott's direct question. (Barnett Affidavit, Ex. 1, p. 6; 31-33);

44. Rather, Plaintiff wrote to Kitchen Supervisor Scott on April 20 2023, complaining about kitchen staff, that he was being served unsweetened oatmeal and fruit, and that he was being discriminated against because "everyone else got French toast stix." (Barnett Affidavit, Ex. 1, p. 6; 33);

45. Kitchen Supervisor Scott responded to Plaintiff on April 21, 2023, relaying that "We are responsible for making reasonable accommodations for your Ramadan meals. Sometimes you will get different food than the rest of the jail because you have to be fed so early." (Barnett Affidavit, Ex. 1, p. 6; 33);

46. Plaintiff took no further action regarding such response from Kitchen Supervisor Jason Scott.(Barnett Affidavit, Ex. 1, p. 6; 31-33);

47. If Plaintiff had not been satisfied with the two Supervisors responses to his COLLIN COUNTY GRIEVANCE/COMPLAINT FORM dated April 3, 2023, he could have submitted an appeal to the Grievance Board. (Barnett Affidavit, Ex. 1, p. 6);

48. Plaintiff did not submit any appeal to the Grievance Board. (Barnett Affidavit, Ex. 1, p. 6); .

49. Nor did Plaintiff respond to Kitchen Supervisor Scott's question and efforts to investigate the status of the receipt of Ramadan meals. (Barnett Affidavit, Ex. 1, p. 6; 31-33); and

50. Thus, Plaintiff did not fully exhaust the grievance/complaint process and procedures afforded to him while incarcerated in the Collin County Detention Facility. (Barnett Affidavit, Ex. 1, p. 6; 29-33).

## V.
## ARGUMENT AND AUTHORITIES

**A.    SUMMARY JUDGMENT: THE APPROPRIATE LEGAL STANDARD**

Summary Judgment is appropriate in any kind of action

. . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

A party moving for summary judgment need not support his motion with affidavits or other evidence negating the non-movant's claim. To withstand a motion for summary judgment, the non-movant must present evidence sufficient to establish the existence of each element of his claim on which he will have the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Summary Judgment is mandatory when a party fails to establish the existence of an essential element of his case on which that party will bear the burden of proof at trial. *Celotex,* at 322.

B.   **PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA pre-filing exhaustion requirement is mandatory and non-discretionary." *Gonzalez v. Seal*, No. 11-31068, 2012 U.S. App. LEXIS 25371, at *3 (5th Cir. Dec. 12, 2012)(per curiam). A prisoner must exhaust administrative remedies for lawsuits "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Clifford v. Gibbs*, 298 F.3d 328 (5th Cir. 2002).

The purpose of the exhaustion requirement is twofold. See *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).  First, it "protects administrative agency authority" by allowing the agency to "correct its own mistakes" rather than being immediately "haled into federal court." *Id*. (internal citations omitted). Second, it promotes efficiency insofar as administrative review processes are generally faster and more economical than is litigation. *Id*.  Even where the parties subsequently seek judicial remedies, the administrative-review process often produces a useful record to ease and expedite further proceedings. *Id*. See also *McCarthy v. Madigan*, 503 U.S. 140, 15S51 (1992).

DEFENDANT OFFICER JOLENE SCOTT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT
T:\233\1\1600\73760 Williams\Pleadings\Defendant\MSJ Admin Remedies\MSJ.wpd

Page 10

In the Fifth Circuit, "a strict approach" is taken to the exhaustion requirement. *Days v. Johnson,* 322 F.3d 863, 866 (5th Cir. 2003). In determining exhaustion under the PLRA, Courts look to the processes established by the prison and the parties' use of these processes, beginning with the sufficiency of the inmate's "complaint." Courts "typically use a standard according to which a grievance should give prison officials 'fair notice' of the problem that will form the basis of the prisoner's suit." *Johnson v. Johnson,* 385 F.3d 503, 516 (5th Cir. 2004). The complaint must be sufficient in detail to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). If the complaint meets those standards, and if there are no further avenues for administrative resolution, the Court will find exhaustion.

Lt Barnett detailed the Collin County Detention Facility's procedures for inmate grievances and attached pertinent portions of the INMATE HANDBOOK, Plaintiff's Kiosk communications, the Plaintiff's COLLIN COUNTY GRIEVANCE/COMPLAINT FORM, and various other pertinent documents. Lt. Barnett was unequivocal that "Mr. Williams allegations about his exhaustion of grievance procedures are mistaken and/or untrue and he failed to exhaust his administrative grievance procedures and remedies at the Collin County Detention Facility, as I will detail more fully below."[7] This evidence necessitates dismissal of the Plaintiff's entire lawsuit against Detention Officer Scott.

### C. PLAINTIFF'S CLAIMS FOR DECLARATORY OR PROSPECTIVE INJUNCTIVE RELIEF ARE MOOT

Plaintiff's claims under RLUIPA and/or First Amendment for declaratory and prospective injunctive relief against Officer Scott in her Official Capacity are moot because Plaintiff is no longer

---

[7] See, Ex. 1, p. 3

housed in the Collin County Detention Facility. It is undisputed that as of April 21, 2025, Plaintiff is no longer confined at the Collin County Detention Facility and is currently at LaSalle pending transfer to the Texas Department of Corrections. Therefore, any request by Plaintiff that he be served Ramadan meal trays at the Collin County Detention Facility is moot. See, *Shawn Ray v. Collin County Sheriff's Office*, Civil Action 4:20-cv-856, 2024 WL 1340586, 2024 U.S. LEXIS 57993, at *7 (E.D. Jan. 22, 2024)("Plaintiff is no longer confined in the Collin County Detention Facility and his currently incarcerated at the Oklahoma State Prison. Therefore, any request by Plaintiff that he be served kosher meals at the Collin County Detention Facility is moot."), Adopted by, Motion denied by, Objection overruled by, Dismissed by, in part, Dismissed by, Without prejudice, in part, Judgment entered by *Shawn Ray v. Collin Co. Sheriff's Off.,* 2024 U.S. Dist. LEXIS 55751 (E.D. Tex., Mar. 27, 2024); ; see also, *Moussazadeh v. Tex. Dep't of Crim. Just*., No. G-07-574, 2009 U.S. Dist. LEXIS 25568, 2009 WL 819497, at *9 (S.D. Tex. Mar. 26, 2009) ("Plaintiff is no longer incarcerated [i]n a TDCJ Unit that is incapable of providing him with a kosher diet to accommodate his religious beliefs. Because he has been transferred to the Stringfellow unit, where kosher food is prepared and served in a kosher kitchen, [the] plaintiff's request for injunctive and declaratory relief is moot." (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001))); *Corbeil v. Moore*, No. 08-cv-1072, 2009 U.S. Dist. LEXIS 14388, 2009 WL 320738, at *2 (W.D. La. Jan. 30, 2009) (collecting cases) ("Plaintiff is no longer incarcerated at the RPCC. His transfer to the United States Penitentiary—Pollock renders his claim for prospective injunctive relief against the defendants moot."); see also *Herman*, 238 F.3d at 665 ("Any suggestion of relief based on the possibility of transfer back to ECDC is too speculative to warrant relief." (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987))). As Plaintiff's request for injunctive or declaratory relief under RLUIPA is now moot, the court lacks subject-matter jurisdiction. See, RAY; see also, *Copeland v. Livingston*,

DEFENDANT OFFICER JOLENE SCOTT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT
T:\233\1\1600\73760 Williams\Pleadings\Defendant\MSJ Admin Remedies\MSJ.wpd

Page 12

464 F. App'x 326, 331 (5th Cir. 2012) (per curiam); *Edison v. Avalon Corr. Servs., Inc.*, No. 4:16-cv-683, 2016 U.S. Dist. LEXIS 153008, 2016 WL 6568011, at *2-3 (S.D. Tex. Nov. 3, 2016) (dismissing without prejudice and denying as moot prisoner's claims for injunctive and declaratory relief ). Thus, to the extent Plaintiff seeks injunctive relief under RLUIPA and/or the First Amendment, such a claim should be denied as moot and dismissed for lack of jurisdiction.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant **OFFICER JOLENE SCOTT** prays that her MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND MOOTNESS be granted; that she recover her reasonable attorney's fees and costs of suit; and that she have such other and further relief, at law or in equity, to which she may show herself entitled.

Respectfully submitted,

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT**
**OFFICER JOLENE SCOTT**

DEFENDANT OFFICER JOLENE SCOTT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT
T:\233\1\1600\73760 Williams\Pleadings\Defendant\MSJ Admin Remedies\MSJ.wpd

Page 13

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: None. Further, a copy of this document was served upon the Plaintiff by mailing same to him at the address listed on the docket of this Court.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**